JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, Carl Woods ("defendant"), challenges the maximum, consecutive sentences imposed upon him by the trial court for his convictions of attempted murder, aggravated burglary, and aggravated robbery. For the reasons that follow, we vacate defendant's sentence and remand for resentencing.
 {¶ 2} Defendant's sole assignment of error provides:
 {¶ 3} "I. The trial court erred when it sentenced the defendant to maximum and consecutive prison terms where the defendant who previously had not served a prison term has plead guilty to three felonies of the first degree all of which arose from a single incidence."
 {¶ 4} The trial court imposed maximum, consecutive sentences pursuant to the provisions of R.C. 2929.14(B), (C), and (E), which the Ohio Supreme Court has since declared unconstitutional and excised from the statutory scheme. State v. Foster,
___ Ohio St.3d ___, 2006-Ohio-856, ¶¶ 1-4, applying United States v.Booker (2005), 543 U.S. 220; Blakely v. Washington (2004),542 U.S. 296; and Apprendi v. New Jersey (2000), 530 U.S. 466. As a result, "[t]rial courts have full discretion to impose a prison sentence within the statutory range and are no longer required to make findings or give their reasons for imposing maximum, consecutive, or more than the minimum sentences."Foster, at paragraph 7 of the syllabus and State v. Mathis
___ Ohio St.3d ___, 2006-Ohio-855, paragraph 3 of the syllabus. Nonetheless, defendants that were sentenced under unconstitutional and now void statutory provisions must be resentenced. Foster, 2006-Ohio-856, ¶¶ 103-106.
 {¶ 5} Pursuant to the mandates of Foster, we sustain defendant's assignment of error, vacate defendant's sentence, and remand this matter to the trial court for resentencing.
Sentence vacated; cause remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Sentence vacated and case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J., and Corrigan, J., concur.